a court to award relief from a final order for non-merits reasons, including fraud or misconduct by the opposing party. Even something that is moot? Or are you saying it's not moot? A direct appeal from the contempt order based on legal error could potentially be moot under SEC v. Sloan, but there are exceptions where there are collateral consequences. So what are the collateral consequences that he is suffering? The collateral consequences are twofold. First of all, he is currently sitting in jail pre-trial based on a bail petition that was filed citing this contempt order as alleged proof that he does not respect court orders and therefore would not comply with any conditions of release. Well, that remains true, right? The court ordered him to do something and he said no, right? Are you suggesting that that did not happen? That's a different argument from saying the court should never have asked him to do it in the first place. So I'm going to ask you to start with the precedent question I asked. Is it true that the court told him to do something and he refused to do it? That is not true, Your Honor. That is not true? That's not true. Okay, tell me how that is. I'm missing something. Sure. He had been asked to turn over his two cell phones and as part of that colloquy had been ordered to provide necessary passwords to allow their forensic technician to image the phone and access data on the phone. He turned over all of that information that same evening that he turned over the phones. The following day, petitioners came forward with three random e-mail addresses, including two g-mail addresses, even though there was no g-mail application or data on either phone, and an unrecognized iCloud.com address. What he told them, what I conveyed to them for him, was you have his phone. He doesn't recognize these accounts. Okay, then I think I understand your point. I think if I understand your point, it's that in your view, he was never actually disobeying court order. The district court incorrectly found that he was finally disobeying court order. Is that an accurate statement? That is correct. So let me back up then. Then regardless of your view about whether the other side acted in bad faith or putting bad or incorrect information out for the district court to find, it nevertheless will always remain true that the court, the district court, made a finding that it issued an order and he disobeyed it. Whether or not the district court should have asked him for that may be an open question, but whether he disobeyed the court order remains a finding by the district court, and it seems to me that that's a separate question, right? Whether the court should have asked and demanded that he do that is sort of what you're going to here, right? Your Honor, I think there's two matters being confused here. Nothing on this appeal concerns the propriety of the court demanding that he turn over his phone or his passwords. The issue here is that petitioners misrepresented in a subsequent motion for contempt that he had refused to comply with that order and that the passwords in question were needed to collect data from the phones. Neither of those were true. The data was not on the phones. That was admitted to by their forensic expert after the fact, and they had said because of this falsity that they could not give him back his phone because they had not been able to image it. Are you seeing relief for that conduct besides vacant of the contempt order? Well, there's multiple forms of relief being sought here because the issue is that they made a false representation to the court. Sanctions for all costs that were improperly incurred in having to both litigate a contempt motion that was premised on false statements as well as there was a bit of an arduous process of having to purge the contempt order that they should not have obtained in the first place. They required us to attend long meetings videotaped at their offices because they would not give the phones back. So what are the reasons why you want sanctions? So what's the relief you want? You want a vacater of the contempt order. You want sanctions. You want money from the other side. Is there some other form of relief you want? Not the why, but is there some other form of relief you want? Those are the two forms of relief being sought. I had mentioned before that this is a post-judgment proceeding, so we don't really have any expectation of a final judgment. But is there going to be a final judgment of the post-judgment discovery orders for enforcement of the judgment at which time we could hear all orders? Or do we need to hear every denial of a motion that comes up during the post-judgment proceedings in a kind of piecemeal fashion? Well, as a procedural matter, if it's adjudicated after a final judgment, it is considered a final order and immediately appealable. With regard to your question of is there going to be a final determination, that's really a question for the petitioners as this proceeding continues to metastasize and kind of spiral out of control. So it's very unclear when there's going to be a final determination. Not when. If. If. I think that's the question. You could say that about any trial. Lord knows when this thing is going to end. It could end 20 years from now. I think the question is, is this a type of proceeding that culminates in some final appealable order by its nature? I don't think that's the case. If the contempt order itself were used as a basis to obtain some other relief that Mr. Chin felt were improperly obtained, that separate order granting that relief would similarly be appealable. But as far as a situation akin to a final judgment on the merits where suddenly everything is going to merge into the judgment and be one final appealable order, this does not appear to be a situation where I do not envision a specific order or document or judgment where that's going to happen. All right. Thank you very much. We have the arguments of both parties. We will take the case under advisement. Thank you very much. We'll now turn to our regular argument calendar, and we will start with 23-437, Alexis Marquez versus George Silver et al. I understand, Attorney Marquez, you would like to reserve one minute for rebuttal. Is that correct? Yes, that's correct. And again, feel free to adjust both of those microphones, get comfortable. Good morning, Your Honors. My name is Alexis Marquez, and I'm the appellant in this case. And could I just ask you on both sides, just keep your voices up because the acoustics in this room are not always great, and maybe the courtroom deputy can just see if there's any adjusting to do on the volume. Okay, great. I'll keep my voice up. There are three issues currently before the court, an appeal of an interlocutory order dismissing the Title VII claim against the State of New York, a review of an interlocutory order denying leave to amend that claim, and a threshold issue of whether to apply the merger exception to preclude review of those interlocutory orders. There have been a few developments in the past day that I would like to update the court on. Last night, the district court denied the pending Rule 60 motion, which I filed, challenging the final sanctions dismissal. Following that decision last night, I filed a notice of appeal this morning of that decision. So shouldn't the way this works be that you appeal that decision, and then if you get reinstatement on appeal and the proceedings continue with the district court, it will proceed to a final judgment, and then you can appeal all the interlocutory orders at that point? Why isn't that the way this should work? I think because there is a risk that—so we currently have the interlocutory rulings before the court at this point in this appeal. And I think that if the district court dismisses—actually, if we have the other appeal that I just filed comes before this court, and that gets reversed and the judgment then gets vacated, it's not clear that this particular appeal of the interlocutory rulings will be preserved. Oh, I see. We won't have the final word on that until your Rule 50 motion is determined, right, on appeal. I mean, I guess what I would say is in order to resolve this issue, I think what would make sense would be, you know, since I filed the notice of appeal this morning, I would also file a motion to consolidate that appeal with this appeal. So you're saying as a precautionary matter, bundle them all up. Your argument is that if anything is going to yield an appealable or an appeal that could preserve something, it's the one that you filed today, you don't want to learn that inadvertently, I suppose, by having us dismiss these present appeals, you somehow fail to preserve some arguments. It's sort of an insurance policy of sorts. We dismiss, if dismissal is appropriate, because maybe the Berger rule doesn't apply here, we dismiss without prejudice to erasing them in the event that your motion is, you win on your latest appeal. Right. I mean, I think that Your Honors are getting to the point exactly of what the issue is. I mean, I think that this appeal, the way, you know, there is a threshold issue whether you can even reach the interlocutory rulings because the merger exception could apply. So if we don't have jurisdiction because it's not an appeal from a final judgment and the interlocutory appeals don't merge or orders don't merge into the order of dismissal, a dismissal for lack of jurisdiction is always without prejudice, right? So if there isn't a final judgment, we often tell somebody, well, you're not appealing from a final judgment, so you go back and finish and then you can appeal at the end. So if it were clear that you can appeal the denial of the Rule 60 motion and if you prevail on that, the proceedings of the district court will continue to final judgment and then everything will merge into that judgment. Would that satisfy the concern that you're worried about waiving something? It depends on the nature of what the dismissal is because I do have a concern about it because this is something that was raised in the advisory committee notes regarding this specific issue where you had a Rule 60 pending motion while there was an appeal concurrently happening in the circuit court and then if the appeal was dismissed on an interlocutory ruling or otherwise, you may not be able to reach those rulings because, as we know, an appeal of a denial of a motion for a Rule 60 motion does not reach the underlying judgment. That's right. So even the appeal from the denial of the Rule 60 motion wouldn't be a final judgment in the case, right? It would just be the answer to be decided in that case would be whether your case should stay dismissed or it should be reinstated because the district court erred in dismissing it. If you prevail on that, then the district court proceedings will continue to a final judgment and then you would have a final judgment at the end of your case on the merits and wouldn't all interlocutory orders up until that point merge into that final judgment? I mean, if this court believes that they do and rules that they do and they consider that to be preserved, then that would make sense. I think that the reason why I wanted to seek the particular relief is I know that this appeal was timely filed, it's been briefed, it's the Title VII issue regarding the interlocutory rulings. I think to have this appeal consolidated with the appeal of the denial of the Rule 60 motions, which concerns the sanctions dismissal. So you'd have to decide whether the district court was right or wrong on the Rule 60 motion first to decide whether the proceedings of the district court should continue. But then if they do continue, you will get to a final judgment at which time the court of appeals would consider your claim, whether the claims against the state were properly dismissed, whether the claims against the court system,  Yeah, I mean, I understand what Your Honor is saying. I think that if the denial of the Rule 60 motion leads to the vacate of the judgment, then that's the relief that I'm seeking. But I think... If we think about it in a different way, so like let's say you do not prevail in your challenge to the Rule 60 motion and it ends up being that this action was dismissed as a sanction and that determination is upheld. What would it even mean for a court to have considered the interlocutory order about whether your claims can be pressed against the state if in fact the whole thing is dismissed anyway, right? Are you putting the cart before the horse to decide whether you have valid claims against the state if we don't even know whether the whole case can continue? I mean, not exactly because I think what's actually happening at that point is the Title VII issue is heard alongside the sanctions dismissal or in the sense of they're both before the court at the same time. Now if the court wants to look at the sanctions dismissal, decide whether it's correct or not, and if they decide that it was correct, then obviously they don't have to, you know, it doesn't, we will not reach the interlocutory rulings. But I think what it's doing is basically being efficient and saying there is this current appeal here. I'm going to leave it alongside with the sanctions dismissal. I mean, I guess what I would say is what I'm concerned about is that the court could apply the merger exception prematurely before reviewing that sanctions dismissal and precluding the Title VII review and dismissing it completely with prejudice. That's my concern. As you pointed out a minute ago, if we dismiss for lack of jurisdiction on the interlocutories, that doesn't mean there can't be jurisdiction in the future. But if you did, that dismissal would be what? That the merger exception applies because the sanctions dismissal is correct? The merger exception would apply, but there may be a suitable determination in the future that could allow you to get an appeal of these interlocutory orders. Okay. I guess the question, right, is whether it matters, whether we, as you suggest, consolidate the two appeals, because each appeal would independently have to carry whatever water it can, right? So if you had two appeals and if hypothetically we were to consolidate them and say in the future, well, you can appeal the 60B, but that doesn't, you know, if you were to lose on that, it doesn't revive the rest of the action, right? And that means you can't now go back to your sanction order. And then you say, okay, well, that future panel is also now going to look at the appeal you have before us now, but they're going to decide it the same way we have to decide it. Either the merger exception applies or it doesn't. So it sort of, it seems to me that either you're going to get an answer to that question now from us or you'd get an answer to the very same question from whatever this future panel is, right? Either way, isn't, aren't we or the future panel going to be, having to decide the very same thing? Except, I suppose, in the circumstance that Judge Menasche posed, which is hypothetically in this new appeal, you prevail on 60B appeal, it reopens the whole case, and then you're just, your case moves on down the line. And then maybe this current appeal just goes poof. Maybe, you know, none of it matters because everything gets reopened at some point. Is that sort of, but then again, how is that sort of neither here nor there for you, right? If you do win on the 20B, you win, and there you go, and then you keep moving along. And regardless of whatever we say today, isn't that right? I mean, I understand what Judge Menasche said and that that makes sense. I think the concern would be that if you decide today that you lack jurisdiction because the merger exception applies and somehow down the line on the other appeal, the circuit, the panel that sits on that or the decision that's made on that says, this was decided earlier. And I also anticipate my adversaries might be arguing that at that point. Oh, that was the exact same issue that was decided in that other appeal that you had. Right, but that could be addressed by us making clear in this case that we are not deciding the issues presented by the interlocutory orders because we don't have jurisdiction over them, and we could even say we expect them to be addressed if and when there is a final judgment on the merits from the district court. Okay. I think, could I make one request? Go ahead. Why don't you just respond to that question, and then we've kept you up considerably past your time. We'll hear from your adversary, but, yeah, just make a response. Okay, sure. I guess I would just ask that that would be helpful to make that clear. I would also like, before the court rules on this, I would like to potentially have an opportunity to make a motion to consolidate the two appeals in the event that you decide that that might be more proper than I think we can deem you as having orally made that motion. I think we hear you. You're here. But even on that, I mean, the appeal from the Rule 60B decision is still not a final judgment of the proceedings of the district court, right? That means you get a hearing in that appeal as to whether the sanctions dismissal was appropriate or you're entitled to relief from the sanctions dismissal. If you don't prevail, that is still not a final judgment, so it doesn't seem like the interlocutory orders should merge into that judgment. But the way it would work is if you prevail in that case, then you're given relief from the dismissal, and the district court proceedings will proceed to a final judgment. And once you have that, then everything would merge, and you'd get an appeal at that point, right? Does that make sense? I mean, only – it does make sense. The one thing that I would say is that the language that's used for denials of Rule 60 motions, they usually use them and call them a final order. So when you say there's no final judgment, I think that – Well, from the district court's perspective, it is a final order because the district court is dismissing the case. But if it turns out the district court did that erroneously, then that would be erased, and the district court would then have to proceed to a final judgment because there wouldn't have been a finality. But I guess the way I'm describing it, it would be the case that if you did not prevail on the Rule 60b motion and, in fact, the sanctions dismissal were upheld, then there would not be a final judgment where the interlocutory order is merged. But that would make logical sense because it would be weird to consider the merits of the challenges to interlocutory orders when we don't know whether the case will ever proceed – or when it becomes clear that the case will never proceed to final judgment, right? Yeah. I mean I guess if what you're saying is that this court decides on that appeal, that the district court's denial of the Rule 60 motion was correct, then you would have a sanctions dismissal and you wouldn't reach the interlocutory orders. Right. Okay. I think we have your position. You've reserved a minute for rebuttal, so we'll hear from you again. Why don't we hear from counsel for the appellee? And considering that obviously there's been a little change in uptick in circumstances here, perhaps you could just lead off with, I think, the simple question of what your position is with respect to your opponent's oral motion to consolidate her new appeal, the appeal that's pending before us today. Certainly, Your Honor. Anthony Arrada-Watzell on behalf of the state. To address the court's appellate jurisdiction, just to clarify this point, the ruling from the district court yesterday was actually an indicative ruling under 62.1. There has not been a final ruling on the 60B motion, so that is not appealable directly. You're not telling me if we were to send it back, it becomes appealable, right, the indicative ruling? That's correct, Your Honor. And just on this point of either remand or consolidation, I think we can consider those two directly, whether there are any efficiencies to be gained from doing that here. I would say that there are no efficiencies to be gained from doing so. As Judge Minocci pointed out, even if there is a final appealable Rule 60B denial here, if Marquez appeals that to this court, that will bring up just the denial of the Rule 60B motion. It will not bring up for review the underlying decision in this case or any of the interlocutory orders. Okay, so her concern is that it might be that the challenges to the interlocutory orders will never become appealable. But do you agree with what I was saying earlier, which is that if she succeeds in getting relief from the sanctions dismissal, the district court proceedings will proceed to final judgment, and at that point all the interlocutory orders will merge, and she would get review even over these interlocutory orders at that point? I don't think it bears on this court's appellate jurisdiction in this appeal, but I will say that there is a hypothetical possibility that the case is reopened down the line. In order to decide this case, I want to know how the whole thing works. Certainly. So is that how it works? That would be how it works if this court were to reverse an eventual Rule 60B denial in this case. It would get kicked down. Right. It would reopen the case. So you're saying that she can get review of these interlocutory orders that she wants to challenge here, but only if she succeeds in getting relief from the sanctions dismissal and proceeds to a final judgment on the merits? It is theoretically possible, but I would stress that this is highly, highly unlikely here. The denial of a Rule 60B motion is reviewed, as you know. I don't hear you saying anything that could give her concern about arguing that if we say that the interlocutory appeals did not merge, they should be dismissed, they're interlocutory now, that she would be precluded from raising them later on if she were successful twice in the first appeal and then went to final judgment. We are not arguing there would be preclusion on appellate jurisdiction grounds in the same way that her lack of jurisdiction for her immediate appeal of the Title VII claims in this case. Right. So there is not a rule that says, and I guess there was some debate about this in the briefing, that maybe there are some cases that might suggest it, but there's not a rule that says if you try to appeal an interlocutory order but there's been a sanctions dismissal, even if you get relief from the sanctions dismissal, you can't go back to the interlocutory orders. That's correct. Her position is if she gets a final judgment on the merits, she can review all the interlocutory orders that would normally merge with that final judgment. Theoretically, and yes, I do want to stress, though, that this is highly unlikely here. I mean, you're just saying you don't think she's going to prevail on the challenge to the denial of the Rule 60B motion. Correct. But that is the way you'd get to a final judgment, and I'm just saying if she does get to that, she'd be able to review all these orders. That's correct, Your Honor. Can I ask you to help map out possible procedural future in this case? Certainly. Sure, I understand. And it was very helpful that you pointed out that the district court's ruling was only an indicative ruling, and that I assume is because once the appeal, the present appeal that we're talking about today was brought, jurisdiction in the case passed to the Court of Appeals, and that's why the district court couldn't rule one way or the other on the 60B motion, but just gave an indicative ruling. That's correct. If hypothetically this court were now to rule in your favor on this appeal and dismiss it for lack of jurisdiction, what would happen next in the district court with the indicative ruling? Would it be entered? Would it be entered as an order of the district court? Yes, the district court would then regain jurisdiction over the case. The court would then presumably enter a final judgment, a final order on the Rule 60B motion. Ms. Marquez could then appeal that to this court. If this court were to affirm that, that would end the matter. If this court were to reverse, again, in this extremely unlikely scenario, it would be sent back to the district court. Theoretically, the case could continue as to the remaining defendants. And then in that scenario, I think it's highly unclear when, if ever, there will be a final judgment of the case. No, I understand that. I was just trying to think of the immediate mechanics. And I guess the other question that I should know, but I don't have it at the top of my head, is it sounds like Attorney Marquez filed a notice of appeal, I think he said this morning, with respect to the indicative ruling. I would assume that that does not take immediate effect considering that it was only an indicative ruling. If we were to rule in your favor on this appeal, dismiss it for lack of jurisdiction, as you request, and then the district court were to enter the Rule 60B ruling as an order of the district court, would your opponent need to file a new notice of appeal, or would her currently filed notice of appeal ripen under Rule 4? I just don't remember the answer to that. I'm not positive, Your Honor, but I believe that this court would not have jurisdiction over the present appeal. If Marquez, in fact, filed an appeal this morning, I think she would have to file a new appeal. That's my understanding. Okay, so that would be something that if we were to rule in your favor, you all, everyone would need to figure out whether Ms. Marquez would need to eventually down the line file a new notice of appeal with respect to the 60B ruling once it is entered as an order of the district court. Maybe she would, maybe she wouldn't. Correct. All right. All right, I don't think we have any other questions for you. Thank you. Thank you. Attorney Marquez, and I don't know if you want to make any comments on that point about the district court's ruling being an indicative ruling because it doesn't presently have jurisdiction over the case. That's with us. Do you have any views on that? Or you don't have to, just if you want to add anything on that point. I just wanted to make one comment because it is unclear where the jurisdiction is. I just note that under Rule 62.1, FRCP Rule 62.1, the district court does have jurisdiction to deny a motion. So that's why I think that that order that they issued, while I did seek it on a Rule 62.1 motion for an indicative ruling, a denial, he would be able to have the jurisdiction to do that. He wouldn't, obviously, to grant an indicative ruling. I see. So the denial, I'm seeing it now. Rule 62.1 says, assuming jurisdiction is now with this court, you filed a 60B motion. If the district court lacks authority to grant it because the jurisdiction has been transferred, the court can either defer, it can deny the motion, or give an indicative ruling, basically. So I see. So you're suggesting that the denial in the district court may actually have effect. If the district court had granted it, it would not have had an immediate effect. But the denial has immediate effect, and therefore your notice of appeal is timely. Okay. I think I understand how you're mapping that out. Okay. But regardless, if it has effect or if a later order is the one that will have effect, you would appeal that. Right. Okay. Yeah. It can be. Okay. That's very helpful. Thank you both. Very intricate jurisdictional questions, and we appreciate your arguments. We will take the case under advisement.